## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LYNN A. VAN TASSEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-266 |
| | ) | Judge Nora Barry Fischer |
| LAWRENCE COUNTRY DOMESTIC | ) | |
| RELATIONS SECTION, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

I.      INTRODUCTION

        This civil rights action arises from child support proceedings in the Court of Common Pleas

of Lawrence County, Pennsylvania between *pro se* Plaintiff Lynn A. Van Tassel[1] ("Plaintiff") and

her former husband, Defendant Arthur R. Van Tassel ("Defendant Van Tassel").  She alleges that

Defendant Van Tassel as well as Defendants Lawrence County Domestic Relations Section

_____

[1]

        Given Plaintiff's *pro se* status, her filings are liberally construed.  *See Erickson v. Pardus*, 551
U.S. 89, 94 (2007)("a *pro se* complaint, however inartfully pleaded, must be held to less stringent
standards than formal pleadings drafted by lawyers.").  However, this Court "need not ... credit a *pro
se* litigant's 'bald assertions' or 'legal conclusions.'"  *Day v. Federal Bureau of Prisons*, 233 Fed.
Appx. 132, 133 n.3 (3d Cir. 2007)(not precedential)(citing *Morse v. Lower Merion Sch. Dist.*, 132
F.3d 902, 906 (3d Cir. 1997)).

("Domestic Relations"), Larry Troggio ("Troggio"), Jackie McBride ("McBride"), Jackie Bartberger ("Bartberger"), Charmagne Duzak ("Duzak"), the Honorable John W. Hodge ("Judge Hodge"), and James W. Manolis, Esquire ("Manolis") caused certain irregularities in those proceedings which have violated her constitutional rights under the First, Fifth, and Fourteenth Amendments.  She also claims that Defendants Van Tassel and Manolis initiated a criminal complaint and filed a protection from abuse order against her in retaliation for her pursuing the collection of child support from Defendant Van Tassel.

Presently before the Court is a motion for a preliminary injunction/temporary restraining order filed by Plaintiff on August 13, 2009.[2]  (Docket No. 64).  Defendants Domestic Relations, Judge Hodge, Manolis and Van Tassel filed responses to same on August 17, 2009.[3]  (Docket Nos. 66, 67, 68).  Thereafter, the Court heard oral argument regarding Plaintiff's motion on August 18, 2009.  Upon consideration of the arguments raised by the parties and based on the following, Plaintiff's motion is DENIED.

II.    BACKGROUND

In her motion, Plaintiff requests that the Court enter the following order pursuant to Rule 65 of the Federal Rules of Civil Procedure:

Enjoin Defendants James W. Manolis, Art Van Tassel, Lawrence

---

[2]

Also pending before the Court are motions to dismiss filed by Judge Hodge and Domestic Relations (Docket No . 55), attorney Manolis, (Docket No. 51), and Defendant Van Tassel (Docket No. 53).  Those motions will not be directly addressed at this time, but will be addressed in a later decision.

[3]

The Court notes that Defendants Troggio, McBride, Bartberger, and Duzak, through counsel, advised the Court during a telephone status conference on August 14, 2009 that they would not be filing a response to Plaintiff's motion nor participating in the oral argument. (Docket No. 65).

County Domestic Relations, Judge John Hodge and Judge Thomas
Piccione of Lawrence County Court of Common Pleas from
attempting to enforce an order of June 23, 2008, urging the payment
of costs, and threatening to hold Plaintiff in contempt of court at a
hearing scheduled for August 20, 2009, as well as seek additional
costs - so as to preserve the status quo and prevent irreparable harm
to Plaintiff until the Plaintiff's issues are heard and decided on the
merits in a federal forum.

(Docket No. 64).  In support of this request, Plaintiff alleges the following.

The Lawrence County Court of Common Pleas has set a Contempt Hearing for August 20,

2009 at 10:00 a.m., which will be presided over by the Honorable Thomas Piccione.  (Docket No.

64).  The hearing is related to Plaintiff's failure to abide by a June 23, 2008 Order which was issued

by Judge Hodge of that Court.  (Docket Nos. 47, 64).  Specifically, the June 23, 2008 Order awarded

$2,385.00 in attorney fees to Defendant Arthur Van Tassel and against Plaintiff as a sanction due to

her "vexatious conduct" throughout the litigation before the Court of Common Pleas wherein she

attempted to collect child support from her former husband.  (Docket Nos. 56-2, 66-3).  Plaintiff

contends that the sanction order is unconstitutional and, in her Amended Complaint, alleges that the

June 23, 2008 Order violates her rights to procedural and substantive due process, equal protection

of the laws and to freely access the courts. (Docket No. 47).  She seeks to enforce these constitutional

rights in her 1983 action.  (*Id*.).

The motion for a preliminary injunction/temporary restraining order seeks to enjoin the Court

of Common Pleas; two of its judges, Judge John Hodge and Judge Thomas Piccione;[4] Lawrence

County Domestic Relations; and Defendant Van Tassel and his attorney, James W. Manolis, Esq.,

from attempting to enforce the June 23, 2008 Order at the contempt hearing scheduled for August

---

[4]

Judge Piccione is not a defendant in this action.

3

20, 2009.  (Docket No. 64).  Plaintiff seeks injunctive relief in order to permit this Court to first resolve her constitutional claims prior to the contempt proceedings, which she maintains will be unnecessary if she prevails in this action.  (*Id*.).  Plaintiff avers that she sought to have the contempt hearing postponed in light of this federal action, and that this request was denied by Judge Piccione.  (*Id*. at ¶ 10).

With respect to her motion, Plaintiff claims that she has a reasonable likelihood of success on the merits as her "right to relief is clear" in that she is being subject to unlawful retaliation in violation of her First Amendment rights.  (Docket No. 64 at 3).  She also maintains that she will be irreparably harmed if injunctive relief is not granted as she will be subject to the "unconstitutional" June 23, 2008 Order, and may potentially be subject to additional sanctions if she is found to be in contempt of that order, including that she may be subject to an additional award of attorney's fees in favor of Defendant Van Tassel.   (*Id*. at 3, 5-6).

In their respective responses, Defendants assert numerous defenses to Plaintiff's motion.  They generally argue the following: (1) that this Court should abstain from this matter under the doctrines set forth in *Younger v. Harris*, 401 U.S. 37 (1971), or *Railroad Comm. of Texas v. Pullman Co.,* 312 U.S. 496, 501 (1941); (2) that Plaintiff's motion should be denied as this Court lacks subject matter jurisdiction over her claims under the *Rooker-Feldman* doctrine; and (3) that Defendants' motions to dismiss currently pending before the Court should be granted, thereby mooting Plaintiff's request for a preliminary injunction/temporary restraining order arising from those claims.  (*See* Docket Nos. 66, 67, 68).  Additionally, Defendant Domestic Relations asserts that it is immune from suit under the Eleventh Amendment and Judge Hodge maintains that judicial immunity bars any suit against him arising from the state court proceedings.  (Docket No. 68).

4

III.    DISCUSSION

Plaintiff's motion for a preliminary injunction and/or a temporary restraining order must be denied because her motion seeks to enjoin state court contempt proceedings, and this Court will abstain from exercising jurisdiction over Plaintiff's motion under the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).   In so holding, the Court will not address Defendants' arguments in their motions to dismiss that this Court lacks subject matter jurisdiction over the claims set forth in Plaintiff's Amended Complaint.  As a result, this Court expresses no opinion regarding whether it ultimately has jurisdiction over Plaintiff's Amended Complaint.  However, given the pendency of the state court proceedings and Plaintiff's request to enjoin same, the Court assumes that subject matter jurisdiction exists but concludes that abstention under *Younger* is appropriate under the circumstances.

"A federal district court has discretion to abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding."  *Addiction Specialists, Inc. v. Township of Hampton*,  411 F.3d 399, 408 (3d Cir. 2005)(quoting *Younger*, 401 U.S. 37).[5]  "*Younger* has been applied to civil enforcement proceedings and to other civil proceedings 'involving certain orders that are uniquely

---

[5]

Plaintiff relies on *Harrison v. NAACP*, 360 U.S. 167 (1959), a pre-*Younger* decision which recognized similar principles underlying *Younger* abstention.  In that case, the Supreme Court explained that "[abstention] is aimed at the avoidance of unnecessary interference by the federal courts with proper and validly administered state concerns, a course so essential to the balanced working of our federal system."  *Harrison*, 360 U.S. at 176.  As discussed *infra*, similar principles require abstention in this matter.

in furtherance of the state courts' ability to perform their judicial functions.'"  *Anthony v. Council*,

316 F.3d 412, 418 (3d Cir. 2003).  *Younger* abstention is appropriate only if:

> (1) there [are] ongoing state proceedings that are judicial in nature;
> (2) the state proceedings implicate important state interests; and (3)
> the state proceedings afford an adequate opportunity to raise federal
> claims. Even if the necessary three predicates exist, however,
> *Younger* abstention is not appropriate if the federal plaintiff can
> establish that (1) the state proceedings are being undertaken in bad
> faith or for purposes of harassment or (2) some other extraordinary
> circumstances exist ... such that deference to the state proceeding will
> present a significant and immediate potential for irreparable harm to
> the federal interests asserted.

*Anthony*, 316 F.3d at 418 (quotation omitted).   The three requirements  have each been met in this

action and Plaintiff has not established that the contempt proceedings are being undertaken in bad

faith nor that she will suffer immediate irreparable harm.

Regarding the first element, there is clearly an ongoing state proceeding as Plaintiff avers

that a pretrial conference was held on August 13, 2009 and that a contempt hearing is scheduled to

occur on August 20, 2009.  (*See* Docket No. 64).  The second element is also met as the United

States Supreme Court has concluded that "[t]he contempt power lies at the core of the administration

of a State's judicial system" and implicates state interests which are "sufficiently great" such that the

application of *Younger* abstention is appropriate.  *Juidice v. Vail*, 430 U.S. 327, 335-36 (1977).  In

this instance, the contempt proceedings seek to enforce Plaintiff's compliance with the June 23, 2008

Order issued by Judge Hodge.  That Order awarded attorney's fees to Defendant Van Tassel and

against Plaintiff in the amount of $2,385.00 pursuant to pursuant to 42 Pa.C.S.A. §§ 2503(7) and

2503(9).  (Docket No. 66-3). Those statutes permit the imposition of counsel fees "for dilatory,

obdurate or vexatious conduct during the pendency of a matter" and/or "because the conduct of

another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith." 42 Pa.C.S.A. §§ 2503(7) and 2503(9). Judge Hodge detailed his reasons for ordering the award of attorney's fees in a lengthy opinion issued contemporaneously with the June 23, 2008 Order. (*See* Docket No. 66-3). Among his findings, he specifically found that Plaintiff gave testimony in which she admitted that she filed a Praecipe for Judgment knowing that the calculations of support contained therein were incorrect, and after she was aware that Defendant Van Tassel had requested a de novo hearing, as well as the fact that she filed a second Judgment against him after the original Judgment was stricken by the court. (*Id.* at 10, 18). Given these findings, the Court of Common Pleas has a great interest in enforcing its June 23, 2008 Order, which was issued to control Plaintiff's conduct as a litigant in proceedings before that court.

With respect to the third element, Plaintiff boldly proclaims that she "CANNOT raise her federal questions in a trial court contempt hearing." (Docket No. 64 at 1 (emphasis in original)). However, Plaintiff has the burden to prove that a state procedural law bars the presentation of her federal claims. *See Anthony*, 316 F.3d at 422 (quotation omitted)("'the burden ... rests on the federal plaintiff to show that state procedural law barred presentation of [her] claims. Plaintiffs have offered no reason why their claims would not be fully heard by New Jersey courts."). Plaintiff has made no such showing and this Court is not aware of any procedural device which would prevent her from arguing that the order is unconstitutional as she has argued in her motion. *Id.* at 420 ("Plaintiffs here had ample opportunity to raise any constitutional claims at their state contempt hearings."); *see also Jones v. Pennsylvania Dept. of Public Welfare*, 2004 WL 1175808 (E.D.Pa. May 27, 2004)(citing *Anthony* and finding that "Pennsylvania courts were competent to hear [the plaintiff's] constitutional challenges" in contempt proceedings). Further, a full hearing has been scheduled by the Court of

7

Common Pleas during which Plaintiff will be given an opportunity to present her objections to the order.  As Defendants argue, in that proceeding, Plaintiff will be "free to argue why she should not be held in contempt for not complying with the June 23rd Order, including the raising of legal challenges to that order." (Docket No. 66 at 2).  Moreover, any finding of contempt and/or sanctions ordered by the Court of Common Pleas are appealable in the state system.  *See Lachat v. Hinchcliffe*, 769 A.2d 481,  488 (Pa.Super. 2001)(discussing the availability of an appeal from a contempt order under Pennsylvania law).  Therefore, the Court concludes that Plaintiff has an adequate opportunity to raise her constitutional claims in the state proceedings.[6]

Having found that the three requirements for *Younger* abstention have been met, this Court must also analyze whether the state court proceedings have been initiated in bad faith, to harass or whether extraordinary circumstances exist which warrant this Court's intervention in the state proceedings.  *See Anthony*, 316 F.3d at 418.

Plaintiff cannot establish that the contempt proceeding was initiated in bad faith or to harass.  The contempt proceeding is a direct result of Plaintiff's failure to abide by a Court Order issued by Judge Hodge, which sanctioned her conduct in litigation before him.  *See* 42 Pa.C.S.A. § 4132[7]; *see*

---

[6]

The Court notes that "[s]tate courts possess concurrent jurisdiction with federal courts over section 1983 actions." *Osiris Enterprises v. Borough of Whitehall*, 398 F.Supp.2d 400, 410, n. 15 (W.D.Pa. 2005)(citing *Felder v. Casey*, 487 U.S. 131, 139 (1988)).

[7]

42 Pa.C.S.A. § 4132 provides that:

> The power of the several courts of this Commonwealth to issue attachments and to impose summary punishments for contempts of court shall be restricted to the following cases:
>
> (1) The official misconduct of the officers of such courts respectively.

8

*also Lachat*, 769 A.2d at 487-90 (discussing contempt under Pennsylvania law).  Prior to issuing the

June 23, 2008 Order which Plaintiff contests, Judge Hodge accepted evidence, including her sworn

testimony.  (Docket No. 66-3).  Upon consideration of same, he found "that the Plaintiff has been

acting in this litigation in a very spiteful manner, that her conduct is sufficiently within the

requirement of a suit brought 'vexatiously,' and, as such, the Defendant is entitled to an award of

attorney's fees."  (*Id*.).   Therefore, Plaintiff cannot establish that the contempt proceeding was

initiated in bad faith or to harass because said proceeding has been initiated due to her conduct

before the Court of Common Pleas.

       Plaintiff also cannot demonstrate the existence of any extraordinary circumstances which

would prevent this Court from deferring to the state court proceedings.  The only harm alleged by

Plaintiff is that she will be subjected to the "unconstitutional" contempt proceedings, the potential

enforcement of the $2,835.00 attorney's fee award, and the potential imposition of further monetary

sanctions by the Court of Common Pleas.  (Docket No. 64).  With respect to her argument that the

proceedings are unconstitutional, she generally contends that the June 23, 2008 Order is

unconstitutional as set forth in her Amended Complaint due to various irregularities.   (*Id.*).

However, the contempt proceedings relate only to her failure to abide by the June 23, 2008 Order

by not paying the attorney's fees awarded to her husband.  It is clear to this Court that the Court of

Common Pleas was within its authority under 42 Pa.C.S.A. §§ 2503(7) and 2503(9) to award

---

       (2) Disobedience or neglect by officers, parties, jurors or witnesses of
or to the lawful process of the court.

       (3) The misbehavior of any person in the presence of the court,
thereby obstructing the administration of justice.

42 Pa.C.S.A. § 4132.

attorney's fees for the reasons articulated in Judge Hodge's opinion (*see* Docket No. 66-3) and the grant of attorney's fees in such circumstances is "within sound discretion of the trial judge." *Shearer v. Moore*, 419 A.2d 665, 669 (Pa.Super. 1980); *see also Miller v. Nelson*, 768 A.2d 858, 861 (Pa.Super. 2001).  Therefore, the challenged portion of the June 23, 2008 Order has no bearing on the constitutional claims raised in this action but relates only to her conduct as a litigant in the state court proceedings.  Finally, she has not averred that the imposition of financial sanctions will cause her irreparable harm.  Accordingly, there are no extraordinary circumstances present in this action which would prevent this Court from abstaining in this matter.

III.    CONCLUSION

        Based on the foregoing, the Court will abstain from exercising jurisdiction over Plaintiff's motion requesting that this Court enjoin the pending state court contempt proceedings under the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).  Accordingly, Plaintiff's motion for a preliminary injunction or temporary restraining order [64] is denied.  An appropriate Order follows.


                                        *s/Nora Barry Fischer*
                                        Nora Barry Fischer
                                        United States District Judge

Dated: August 19, 2009

cc/ecf:  All counsel of record.
         Lynne A. Van Tassel
cc:      Hon. Thomas Piccione, Lawrence County Court of Common Pleas