**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

LYNN A. VAN TASSEL,             )
                                    )
          Plaintiff,          )
                                    )
       v.                    )       Civil Action No. 09-266
                                    )       Judge Nora Barry Fischer
LAWRENCE COUNTY DOMESTIC   )
RELATIONS SECTION, ET AL.,       )
                                    )
          Defendants.      )

**<u>MEMORANDUM OPINION</u>**

**I.      INTRODUCTION**

      This civil rights action arises from child support proceedings in the Court of Common Pleas of Lawrence County, Pennsylvania between *pro se* Plaintiff Lynn A. Van Tassel ("Plaintiff") and her former husband, Defendant Arthur R. Van Tassel ("Defendant Van Tassel").  She alleges that Defendant Van Tassel as well as Defendants Lawrence County Domestic Relations Section ("Domestic Relations"), Larry Troggio ("Troggio"), Jackie McBride ("McBride"), Jackie Bartberger ("Bartberger"), Charmagne Duzak ("Duzak"), the Honorable John W. Hodge ("Judge Hodge"), and James W. Manolis, Esquire ("Manolis") caused certain irregularities in those proceedings which have violated her constitutional rights under the First, Fifth, and Fourteenth Amendments.  She also claims that Defendants Van Tassel and Manolis initiated a criminal complaint and filed a protection from abuse order against her in retaliation for her pursuing the collection of child support from Defendant Van Tassel.

      Presently before the Court are motions to dismiss filed by Judge Hodge and Domestic

Relations (Docket No . 55), attorney Manolis, (Docket No. 51), and Defendant Van Tassel (Docket No. 53).  Plaintiff has filed timely responses to the motions.  (Docket Nos. 57, 58, 59, 60).  Upon consideration of the parties' submissions, and for the following reasons, Defendants' motions to dismiss are granted.

II.      FACTUAL BACKGROUND

Plaintiff is proceeding *pro se*, therefore, the factual allegations in her Amended Complaint are liberally construed as she is held to a less stringent standard than attorneys.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Washam v. Stesis*, Civ. A. No. 08-3869, 2009 U.S. App. LEXIS 7768, at *3 (3d Cir. Apr. 10, 2009).  However, many of the lengthy and convoluted allegations in Plaintiff's 43 page Amended Complaint improperly consist of legal argument and factual assertions which this Court need not credit.[1]  *See Day v. Federal Bureau of Prisons*, 233 Fed. Appx. 132, 133 n.3 (3d Cir. 2007)(not precedential)(citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997))(a district court "need not ... credit a *pro se* litigant's 'bald assertions' or 'legal conclusions.'").  Mindful of this standard, the Court turns to the allegations in the Amended Complaint.

Plaintiff and her former husband, Defendant Van Tassel, have an ongoing child support case in the Court of Common Pleas of Lawrence County, Pennsylvania, at Case No. 503 of 2003, D.R. (Docket No. 47 at ¶ 14).  Defendant Van Tassel is subject to a child support order which requires

---

[1]

While the Court does not credit Plaintiff's allegations which consist of legal conclusions, these allegations are re-stated in the facts section below because the inclusion of these allegations in Plaintiff's Amended Complaint supports the Court's ultimate conclusion that Plaintiff's claims at Counts One, Two and Three as well as a portion of Count Four should be dismissed under the *Rooker-Feldman* doctrine for the reasons cited herein.

him to make monthly support payments to Plaintiff for the benefit of their child.[2]  Plaintiff contends

that her husband was delinquent on support payments during 2007 and that she attempted to collect

the support by using "the Act 58 remedies (Act 1997-58, as amended by Act 1998-127)" under the

Pennsylvania support laws.  (*Id.* at 1-2).  Although not specified in the Amended Complaint,

Plaintiff appears to be referring to certain amendments to 23 Pa.C.S.A. § 4352(d) and (d.1).

Sections 4352(d) and (d.1) provide as follows:

> (d) Arrears as judgments.--On and after the date it is due, each and
> every support obligation shall constitute a judgment against the
> obligor by operation of law, with the full force, effect and attributes
> of a judgment of court, including the ability to be enforced, and shall
> be entitled as a judgment to full faith and credit in this or any other
> state. Overdue support obligations of this or any other state which are
> on record at the county domestic relations section shall constitute a
> lien by operation of law against all real property owned by the
> obligor within the county as provided in subsection (d.1).
>                                          ...
> (d.1) Real property liens.--
>
> > (1) Overdue support shall be a lien on real estate within the
> > county in which the overdue support is on record at the
> > county domestic relations section if:
> >
> > (i) the underlying support action is pending in the county
> > domestic relations section or is being enforced by the county
> > domestic relations section;
> >
> > (ii) notice of the existence of the support action is available
> > to the public through a docket book or automated means; and

---

[2]
    While Plaintiff's Amended Complaint is confusing, it appears that the child support order to which she refers and is central to this dispute was issued by Judge Hodge on October 12, 2007.  (*See* Docket No. 47 at ¶ 30).  This order is not filed of record.  However, Judge Hodge's opinion explains that "[o]n October 12, 2007, this Court ordered the Defendant to pay to the Pennsylvania State Collection and Disbursement Unit the sum of $731.21 per month, which Order consisted of $718.21 for current support and $20.00 for arrears.  Arrears were set at the sum of $1,196.48 as of October 12, 2007."  (Docket No. 56-2 at 1-2).

> (iii) the county domestic relations section is able to determine the amount of overdue support by reference to its records and is able to provide the amount of the overdue support upon request.
>
> ...
>
> (5) A lien arising from overdue support:
>
> (i) shall automatically attach to after-acquired property owned by the obligor;
>
> (ii) shall retain its priority without renewal or revival;
>
> (iii) shall continue to encumber the property upon sale or other transfer;
>
> (iv) shall not be divested upon a judicial sale or execution by a person with a lien with less priority;
>
> (v) shall not attach to the interest of any other co-owner in the property;
>
> (vi) shall expire 20 years after the due date of the last unsatisfied overdue support payment; and
>
> (vii) may be released by the court as against abandoned or distressed real property at the request of a governmental unit in order to facilitate the property's sale and rehabilitation.

23 Pa.C.S. § 4352 (2008).

In general, Plaintiff claims that pursuant to these provisions and given her husband's alleged delinquency on the support payments, she was entitled to a judgment by operation of law[3] for all overdue support and, thereby, statutorily authorized to obtain a judgment against him for overdue support[4] and a lien against his real property.  (*See generally* Docket No. 47).  However, she alleges that Domestic Relations caused errors in the computation of the overdue support due, and that such

---

[3]    "Judgment by operation of law" is defined as "[a] judgment which exists without the need for any ministerial act and which arises out of the existence of facts readily verifiable from the domestic relations section's records.  The existence of a valid support order and nonpayment of the order, together, create the judgment."  23 Pa.C.S. § 4302.

[4]    "Overdue support" is defined as "[s]upport which is delinquent under a payment schedule established by the court."  23 Pa.C.S. § 4302.  The statute also defines "[p]ast due support" as "[s]upport included in an order of support which has not been paid."  *Id.*

4

errors were contained in two separate judgments which she obtained. (*Id.*). Her receipt and attempted enforcement of these judgments resulted in legal proceedings between her and Defendant Van Tassel, who was represented by attorney Manolis. (*Id.*). Most of the proceedings were before Judge Hodge, and Plaintiff complains that he made numerous incorrect legal rulings during the proceedings, including striking the judgments, cancelling a sheriff's sale and imposing sanctions on her in the form of her husband's attorney's fees for attempting to use the Act 58 remedies. (*Id.*). She also maintains that Defendant Van Tassel and attorney Manolis acted improperly during those proceedings. (*Id.*). She avers that these and other actions of the Defendants violated her constitutional rights of substantive and procedural due process, equal protection under the laws and her right to freely access the courts. (*Id.*).

Plaintiff also contends that Defendant Van Tassel was delinquent in his child support payments for every month of 2007. (*Id.* at ¶ 15). Specifically, in March 2007, Plaintiff discovered that Defendant Van Tassel had withdrawn $76,909.00 from his retirement account in 2006 but had not included this amount as income for the calculation of child support in 2007. (*Id.* at ¶ 16). After a modification conference between the parties was held, an order was entered in October 2007 adding the monies withdrawn from Defendant Van Tassel's retirement account to his 2006 income and recalculating the support due in 2007.[5] (*Id.*). Later, in September 2007 and March 2008,

_____

[5]
The Court notes that these allegations are belied by the current record. Judge Hodge's opinion details the dispute regarding Defendant Van Tassel's retirement account as follows:

> On June 13, 2007, the parties appeared before a Domestic Relations Officer for a Hearing, on a request by the plaintiff on the allegation that the Defendant failed to honor their verbal agreement regarding the child. At the Conference, the Plaintiff requested that the Defendant be assessed an additional $76,900.00 in income, which represented a portion of the I.R.A. that the Defendant was awarded

Defendant Van Tassel refinanced real property that he owns and is located in Lawrence County.

(*Id*). At the time of his refinancing of the property, he was delinquent on child support payments.

(*Id*). Plaintiff contends that according to her interpretation of Pennsylvania law, the overdue child

support constituted an automatic lien against the refinanced property.  (*Id*. at ¶ 17).  She avers that

she was not paid the support owed and that her attempts to collect the support were unsuccessful,

resulting in tumultuous litigation.  (Docket No. 47 at ¶¶ 14-44).

On October 30, 2007, Plaintiff requested that Defendant Van Tassel pay the overdue support

balance by December 3, 2007.  (*Id*. at ¶ 18).  She advised Defendant Van Tassel that if payment was

not made by that date, she would seek other remedies against him.  (*Id*.).  Defendant Van Tassel did

not pay the overdue support by that date.  (*Id*.).  Then, on December 10, 2007, Plaintiff contacted

Defendant McBride, the Domestic Relations case officer assigned to her case, by telephone, and

---

in the equitable distribution of marital assets.  At the conference, the
Domestic Relations Officer found that the I.R.A. was awarded to the
Defendant in the Marital Settlement Agreement, and as such, should
not be considered income.

This Court then entered a Modified Order dated June 25,
2007, exluding the I.R.A. sum in the income calculation of the
Defendant.

The Plaintiff, nevertheless, proceeded to request a hearing de
novo before the Court.

On August 7, 2007, this Court conducted a De Novo Support
Hearing, wherein Plaintiff once again reiterated that the Domestic
Relations Section had made an error in not including as part of the
Defendant's income, the sum of $76,900.00 which consisted of funds
received when the Defendant made an early withdrawal from an
I.R.A. which the Defendant was awarded in equitable distribution in
the party's divorce action ...

... the Court ... dismissed Plaintiff's demand, as there are no
legal or factual basis for Plaintiff's demand based upon the statutory
authority.

(Docket No. 56-2 at 17-18).

requested that he prepare a certificate of arrearages showing "overdue support 30 days or more overdue." (*Id*. at ¶ 19).  The following day, December 11, 2007, she went to the Domestic Relations office, paid the applicable fee and was provided with a certificate of arrearages.  (*Id*. at ¶ 20).  She then took the certificate to the Lawrence County Prothonotary's Office, and had it converted to a judgment against Defendant Van Tassel's real property.  (*Id*.).  As a result, a Sheriff's Sale of Defendant Van Tassel's real property was scheduled to occur on January 16, 2008.  (*Id*. at ¶ 22).

Subsequently, Plaintiff realized that the amount of support stated on the certificate was miscalculated.  (*Id*. at   ¶ 21).  She thus avers that the certificate incorrectly included the entire amount of child support owed by Defendant Van Tassel (the entire case balance including current support, past-due support, overdue support and applicable fees) instead of only the overdue support which she had requested.  (*Id*. at   ¶¶ 21, 22).  Plaintiff then alleges she immediately informed Domestic Relations of the inaccuracies in the certificate and was told by one of its employees that the certificate was produced in "the way our computer does it." (*Id*.).  Further, she contacted Marcy at the Sheriff's office to inform them of the inaccuracies. (*Id*. at ¶ 22).  She was told that the Sheriff's office would "double check" with Domestic Relations regarding the correct amount of overdue support on the morning of the Sheriff's Sale, which was scheduled for January 16, 2008. (*Id*.).

On January 8, 2008, Defendant Van Tassel, by and through his attorney, Manolis, filed a Petition to Correct Judgment related to the December 11, 2007 judgment which Plaintiff had procured.  (*Id*. at ¶ 23).  That petition was heard by Judge Hodge in Family Motions Court on January 8, 2008.  (*Id*.).  After conducting argument and without accepting any evidence from the parties, Judge Hodge struck the December 11, 2007 judgment, cancelled the January 16, 2008 sheriff's sale and remanded the case back to Domestic Relations for a hearing.  (*Id*. at ¶ 24).

7

Plaintiff asserts several flaws in the January 8, 2008 prcoeedings.  First, she claims that Defendant Manolis relied on inaccurate case law in support of his argument that the judgment should be stricken.  (*Id*. at ¶ 24).  Second, she maintains that, pursuant to Pennsylvania Rule of Civil Procedure 1910.24(b), the Petition should have been heard by a conference or hearing officer and not by Judge Hodge in Family Motions Court.  (*Id*. at ¶ 24).  As a result, she claims that Judge Hodge did not have jurisdiction over the matter because he is a Lawrence County Court of Common Pleas Family Court Judge.  (*Id*. at ¶ 24).  Third, Plaintiff avers that Judge Hodge's decision was influenced by his preexisting relationship with Defendant Van Tassel.  (*Id*.).

Plaintiff moved for reconsideration of the January 8, 2008 order in Family Motions Court the following week citing the above arguments.  (*Id*.  at ¶ 25).  Her motion for reconsideration was denied by Judge Hodge.  (*Id*).

In the interim, on January 10, 2008, Plaintiff obtained a second certificate of arrearages, which certified arrearages of $653.73 as of December 31, 2007.  (*Id*.  at ¶ 26).  The certificate was prepared by Defendant Bartberger, the Enforcement Supervisor at Domestic Relations.  (*Id*.).  Plaintiff avers that the calculation of arrearages on this certificate was also incorrect as the amount represented on the certificate included "past due support as well as overdue support and fees."  (*Id*.).  Plaintiff alleges that Defendant Bartberger later admitted that Domestic Relations had "screwed up" when preparing this certificate.  (*Id*.).

On February 20, 2008, a hearing on the amount of child support owed by Defendant Van Tassel was held in front of Defendant Duzak, a hearing officer in the Domestic Relations office.  (*Id*. at ¶ 27).  Subsequently, Defendant Duzak issued an order on March 3, 2008 ("March 3rd  Order") regarding the matters presented during the February 20, 2008 hearing.  (*Id*.).  Plaintiff maintains that

the March 3rd Order incorrectly referred to the support owed by Defendant Van Tassel as "past-due support" instead of "overdue support." [6] (*Id.*).

Accordingly, Plaintiff states she contacted attorney Manolis regarding the March 3, 2008 Order on March 7, 2008. (*Id.* at ¶ 28). At that time, she explained to Manolis that the March 3, 2008 Order was for "overdue support" and "offered an opportunity for his client, Defendant [Van Tassel], to pay prior to entering a second judgment against him." (*Id.*).

Plaintiff then alleges that sometime after her contact with attorney Manolis, he had "discussions" with Defendant Troggio, the Director of Domestic Relations, regarding Defendant Van Tassel's compliance with the support order at that time. (*Id.* at ¶ 29). She also avers that attorney Manolis contacted Helen Morgan, at the Prothonotary's office in Lawrence County, and represented to her that Defendant Van Tassel was in full compliance with the child support order on March 11, 2008. (*Id.* at ¶ 30). Morgan in turn allegedly contacted Domestic Relations to verify Manolis' representation. (*Id.*). In response, Troggio faxed a letter to Morgan which stated that Defendant Van Tassel was in compliance with the current child support order. (*Id.* at ¶ 29).

Plaintiff maintains that the content of the March 11, 2008 letter from Troggio to Morgan was inaccurate, "fraudulent" and a "deliberate corruption or distortion of the record." (*Id.* at ¶¶ 29, 30). She claims that while Defendant Van Tassel was current with all support payments at that time, he was not in compliance with the requirement that he accurately report his most recent employment.[7]

---

[6]

No further detail regarding the contents of the March 3, 2008 Order is contained in Plaintiff's Amended Complaint and the order itself has not been made a part of the current record by any of the parties.

[7]

Although Plaintiff does not cite to the applicable statutory provision, it appears that she is referencing 23 Pa.C.S.A. § 4353. Section 4353 provides that:

(*Id*. at 29).  Plaintiff alleges that Defendant Van Tassel reported on October 12, 2007 (the date that the child support order was issued) that he had been employed since October 6 or 8, 2007 but that upon further consultation with Domestic Relations, Defendant Bartberger advised her that Defendant Van Tassel was, in fact, employed on September 19, 2007. (*Id*.).

Again, under Plaintiff's interpretation of Pennsylvania child support law, Defendant Van Tassel's reporting of an incorrect date of employment made him non-compliant with the child support order.  (*Id*.). As a consequence, she contends that all arrearages should have converted by operation of law to "overdue support," which would then be immediately collectible by her.  (*Id*.). She also claims that Domestic Relations never reported Defendant Van Tassel's non-compliance with the order and did not update its computer system with this information, preventing her from collecting the "overdue support" to which she was allegedly entitled.  (*Id*.).

Several events occurred on March 12, 2008.  Plaintiff contacted the Domestic Relations office to acquire yet another certificate of arrearages.  (*Id*. at ¶ 30). In so doing, she specifically requested that Troggio write the words "overdue support" on the certificate.  (*Id*.). She did this

---

> (a) An individual who is a party to a support proceeding shall notify the domestic relations section, the department and the other parties in writing or by personal appearance within seven days of any material change in circumstances relevant to the level of support or the administration of the support order, including, but not limited to: (1) change of employment; and (2) change of personal address or change of address of any child receiving support.
> ...
> (b) Failure to give notice.--Willful failure to comply with this section may be adjudged in contempt of court pursuant to section 4345 (relating to contempt for noncompliance with support order).

23 Pa.C.S.A. § 4353.

because she had been informed by the Prothonotary's office that someone from the law offices of Verterano & Manolis had threatened a lawsuit against them if they accepted another certificate of arrearages from Plaintiff which did not show "overdue support." (*Id.*). Plaintiff then took the certificate to the Prothonotary and received another judgment (the "second judgment"). (*Id.*). After the second judgment was filed, Defendant Van Tassel filed for a demand hearing (de novo) regarding the March 3, 2008 Order issued by hearing officer Duzak, seeking to vacate the order. (*Id.*).

Defendant Van Tassel, through attorney Manolis, responded to Plaintiff's second judgment by presenting a Petition for Special Relief in Family Motion Court on March 28, 2008. (*Id.* at ¶ 31). The Petition requested that the Court strike the second judgment and award Defendant Van Tassel attorney's fees at Plaintiff's expense due to her conduct in filing multiple judgments against him. (*Id.* at ¶¶ 31, 32). A hearing was held in motions court before Judge Hodge, who heard argument from Plaintiff and Manolis, and then struck the second judgment and scheduled a hearing for May 6, 2008. (*Id.* at ¶ 32). Thereafter, the hearing was continued until May 8, 2009, and the matter was combined with Defendant Van Tassel's request for a demand hearing from the March 3, 2008 Order and his petition for attorney's fees. (*Id*)

The May 8, 2008 hearing was held as scheduled.[8] After the hearing, on June 23, 2008, Judge Hodge issued an opinion and order addressing the three combined cases.[9] (*Id.*). The opinion details

---

[8]

Plaintiff offers very little detail in her Amended Complaint regarding the hearing itself, but mainly focuses on her complaints regarding Judge Hodge's order.

[9]

The Court notes that the opinion and order is dated June 20, 2008 but was stamped by the prothonotary as filed on June 23, 2008. (Docket No. 56-2). For convenience, the Court will refer to the same as the June 23, 2008 Order.

the factual background of the cases and the testimony received at the May 8, 2008 hearing, including that of Plaintiff and two Domestic Relations employees, Tanya Hromyak and Kathleen Hogue. (*See generally* Docket No. 56-2).  Regarding Plaintiff's testimony, Judge Hodge specifically found that Plaintiff admitted that she filed a praecipe for judgment on December 11, 2007 knowing that the calculations of support contained therein were incorrect, and that she filed a second praecipe for judgment on March 12, 2008 after she was aware that Defendant Van Tassel had requested a de novo hearing appealing the hearing officer's March 3, 2008 order. (*Id*. at 10, 18).  As a result, Judge Hodge found that Plaintiff's entry of both judgments was improper, entered an order striking the judgments and awarded attorney's fees to Defendant Van Tassel and against Plaintiff in the amount of $2,385.00 pursuant to 42 Pa.C.S.A. §§ 2503(7) and 2503(9).[10] (*Id*. at 14, 15, 20-21). Considering Plaintiff's testimony and conduct, Judge Hodge held "that the Plaintiff has been acting in this litigation in a very spiteful manner, that her conduct is sufficiently within the requirement of a suit brought 'vexatiously,' and, as such, [Defendant Van Tassel] is entitled to an award of attorney's fees." (Docket No. 56-2).

Here, Plaintiff alleges that several errors were made by Judge Hodge in the June 23, 2008 Order. First, the order was issued "out of time" because Pa.R.C.P. 1910.11(i) states that if a demand for a hearing is filed in an action for support that the "court shall hear the case and enter a final order in the matter within sixty (60) days from the date of the written demand for hearing. . ." but the order was not entered until ninety days after the initial demand.  (Docket No. 47 at ¶ 32).  Second, the

---

[10]

42 Pa.C.S. §§ 2503(7) and 2503(9) permit the imposition of counsel fees "for dilatory, obdurate or vexatious conduct during the pendency of a matter" and/or "because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith." 42 Pa.C.S.A. §§ 2503(7) and 2503(9).

order was incorrectly issued with all three cases captioned together, which prevented her appeal. (*Id*. at ¶ 34).  Third, Judge Hodge deliberately misrepresented the outcome of a previous case and, in doing so, corrupted the record and denied Plaintiff her right to an appeal.  (*Id*. at ¶ 41).  Fourth, Judge Hodge misapplied the applicable Pennsylvania statutes in awarding attorneys' fees to Defendant Van Tassel. (*Id*. at ¶ 42).  Finally, Plaintiff alleges that these actions were taken by Judge Hodge in concert with Defendant Manolis to protect their friend, Defendant Van Tassel, and to retaliate against Plaintiff for litigating the child support action.  (*Id*.).

On June 30, 2008, Plaintiff filed a Motion for Reconsideration of the June 23, 2008 Order, which was denied by Judge Hodge on the same day.  (*Id*. at ¶ 35).  Thereafter, on July 24, 2008, Plaintiff filed an appeal to the Superior Court of Pennsylvania, which was summarily denied as untimely.  (*Id*. at ¶¶ 36, 38).  Plaintiff then filed a "Petition for Allowance to Appeal and a Motion to Stay Ancillary to Appeal" in the Pennsylvania Supreme Court, both of which were summarily denied on February 2, 2009.[11] (*Id*. at ¶¶ 39,40).

A.      Count I - 42 U.S.C. § 1983 - Due Process of Law Under the Fifth and Fourteenth
        Amendment v. All Defendants

At Count One, Plaintiff alleges that her rights to substantive and procedural due process were violated by the actions of the Defendants.  Specifically, she claims that she has a property interest in the overdue support owed to her and in the sanction of $2,385 which was imposed by virtue of the June 23, 2008 Order. (Docket No. 47 at ¶ 48).  She also contends that her damages were proximately caused by the conduct of the Defendants.  The alleged unconstitutional conduct

---

[11]

The Court notes that contempt proceedings were later initiated against Plaintiff in the Lawrence County Court of Common Pleas because she failed to comply with the June 23, 2008 Order.  For a full discussion of same, *see* n. 14, *infra*.

includes:

- Domestic Relations failed to collect overdue support when Defendant Van Tassel refinanced real estate in September 2007 and March 2008;

- Domestic Relations, Defendant Van Tassel and Manolis prematurely discontinued reporting overdue support to the credit bureaus and falsified documents in connection with the refinancing of real estate by Defendant Van Tassel;

- Domestic Relations mislabeled its Order of March 3, 2008 as "past due support" rather than "overdue support";

- Domestic Relations failed to correct its inaccurate certifications of overdue support and denying any wrongdoing regarding these certifications;

- Domestic Relations failed to "comply[ ] with state mandates regarding overdue support for cases that are 31 to 60 days overdue";

- Judge Hodge issued orders "outside the court's jurisdiction" and "beyond the scope of the Rules of Civil Procedure in striking the Judgment and Sheriff's Sale" and that are "out of time";

- Judge Hodge retaliated against Plaintiff after she requested that he recuse himself from presiding over the state court matter;

- Judge Hodge deviated from the legislative intentions of the Act 58 remedies by assessing attorney's fees against Plaintiff instead of assessing costs against a defendant owing overdue support;

- Defendants Van Tassel and Manolis failed to verify with Domestic Relations that overdue support existed prior to running up substantial legal fees in defending same; and,

- All Defendants "corrupt[ed] the record."

(*Id*. at 26-27).

14

In her prayer for relief, she requests that this Court award her compensatory and punitive damages, costs and expenses of this action as well as declaratory and injunctive relief from the June 23, 2008, "with continuing evaluation and supervision of [Domestic Relations] to insure [sic] that [it] implements and maintains compliance with state mandated procedures regarding collection of overdue support."   (*Id*. at 31-2).

      B.      Count Two - 42 U.S.C. § 1983 - Right of Access to Courts and Equal Protection of the Laws under First, Fifth and Fourteenth Amendments v. All Defendants

At Count Two, Plaintiff alleges that her right to access the Courts was violated, alleging that all Defendants interfered with her appellate rights.  (*Id*. at ¶ 71).  She claims that Defendants purposefully and willfully "operat[ed] outside of the rules and scope of their jurisdiction, as well as absent jurisdiction, issu[ed] orders out-of-time, corrupt[ed] the record by including all three (3) case numbers, and [ran] up an exorbitant bill of legal fees, [and] ignor[ed] statutory definitions." (*Id*. at ¶ 73).  In her prayer for relief, she again requests that this Court award her compensatory and punitive damages, costs and expenses of this action as well as declaratory and injunctive relief from the June 23, 2008 Order, "with continuing evaluation and supervision of [Domestic Relations] to insure [sic] that [it] implements and maintains compliance with state mandated procedures regarding collection of overdue support." (*Id*. at 34).

      C.      Count Three - 42 U.S.C. § 1983 - Substantive Due Process - Fourteenth Amendment

At Count Three, Plaintiff alleges that her right to substantive due process under the Fourteenth Amendment has been violated.  (*Id*. at ¶ 77).  She claims a property interest in her right to collect overdue support and interest attendant thereto as well as a right to not be retaliated against for attempting to exercise her right to collect the overdue support.  (*Id*. at ¶ 76).  The alleged unconstitutional conduct includes:

- Defendants refused to collect overdue support when they knew or should have known that there was overdue support due and owing and thereby permitted Defendant Van Tassel to refinance his real property without paying the overdue support;

- Defendants prematurely ceased reporting to credit bureaus that Defendant Van Tassel owed overdue support;

- Defendants penalized Plaintiff for errors made by Domestic Relations;

- Defendants retaliated against Plaintiff for seeking redress in the courts;

- Defendants failed to establish that overdue support existed prior to "frivolously creating protracted and extensive litigation on this subject";

- Defendants "fail[ed] to rely on updated and amended definitions regarding overdue support"; and,

- Defendants "wantonly and willfully corrupt[ed] the record in written opinions that do not accurately depict prior proceedings in which Plaintiff prevailed."

(*Id.* at 35-36). In her prayer for relief, Plaintiff again requests compensatory and punitive damages, costs and expenses of this action, as well as declaratory and injunctive relief from the June 23, 2008 Order. (*Id.* at 36).

      D.     Count Four - 42 U.S.C. § 1983 - Retaliatory Prosecution - First Amendment

At Count Four, Plaintiff alleges a claim of retaliatory prosecution in violation of her First Amendment rights against Defendants Van Tassel, Manolis and Judge Hodge. (*Id.* at 37). She avers that Defendant Van Tassel, with the guidance of attorney Manolis, filed two false criminal complaints against her for incidents that allegedly occurred on May 25 and 27, 2008.[12] (*Id.* at ¶ 81).

---

[12]

The Court notes that the exact conduct complained of in the criminal complaint is not set

Plaintiff also claims that Defendant Van Tassel coerced a minor witness into reporting an incident which did not occur and he failed to disclose certain facts to police. (*Id*.). The criminal charges were later dismissed, with prejudice. (*Id*.).

In addition, Plaintiff alleges that Defendant Van Tassel filed a false protection from abuse action against her on July 10, 2008. (*Id*. ¶ 83). A temporary protection from abuse order was entered by Judge Hodge, depriving Plaintiff of contact with her minor child for eleven (11) days (from July 10, 2008 through July 21, 2008) and causing her and her minor children to be investigated by Children & Youth Services. (*Id* at ¶¶ 83, 84). Plaintiff asserts that while the temporary protection from abuse order was in place, Defendants Van Tassel and/or Manolis informed Domestic Relations that her daughter no longer resided with her, which caused Domestic Relations to contact Plaintiff to determine if her child still resided with her. (*Id*. at ¶ 84).

Thereafter, Plaintiff contends that Defendants Van Tassel and Manolis presented a petition to modify custody in family court on July 24, 2008, requesting that an attorney be appointed for her minor child and that a "third round of custody psychological evaluations" be conducted. (*Id*. at ¶ 85). Judge Hodge ordered Plaintiff to pay 40% of the cost of the custody evaluation, which was later reduced by 10% after she filed a motion for reconsideration. (*Id*.). Plaintiff maintains that this order was erroneous, alleging that Judge Piccione had previously ordered that any future requests for custody evaluations by Defendant would be paid at his sole expense and that Judge Hodge failed to follow the "law of the case doctrine" when he ordered her to pay a portion of the costs. (*Id*.).

As she alleges in counts one, two and three, Plaintiff claims that the June 23, 2008 Order was issued by Judge Hodge to retaliate against her. (*Id*. at ¶ 82). She asserts that she "is not the party

forth in Plaintiff's allegations.

here who owed OVERDUE support, had the financial wherewithal to pay, and refused to pay" but that she was subject to sanctions and not awarded her costs by Judge Hodge.  (*Id*. (emphasis in original)).        Plaintiff maintains that the following actions constituted unlawful retaliation:

- Defendants "fil[ed] false criminal reports to law enforcement agencies";

- Defendants "retaliat[ed] against Plaintiff for exercising her right of access to the courts" in her attempts to collect overdue support;

- Defendants penalized Plaintiff for errors made by Domestic Relations and "for bringing these errors to everyone's attention";

- Defendants "retaliat[ed] against Plaintiff by the taking of her daughter for eleven (11) days under a fraudulent PFA action";

- Defendants committed "abuse of process" by "attempting to issue a subpoena under a custody case to gain information for use in an upcoming criminal proceeding"; and,

- Defendants "wantonly and willfully corrupt[ed] the record in written opinions that do not accurately depict prior proceedings in which Plaintiff actually prevailed."

(*Id*. at 42).  She requests that the Court award her compensatory and punitive damages as well as costs and expenses of this action against Defendants Van Tassel and Manolis.  (*Id*. at 43).  With respect to Plaintiff's claims against Judge Hodge, she requests that the Court award her injunctive relief from  the "out of time" and unconstitutional June 23, 2008 Order, "with stipulation that Lawrence County Court of Common Pleas Judges follow the *Law of the Case Doctrine* and not deviate from it until and unless *a substantial change in circumstances occurs*."  (*Id*. (emphases in original)).

III.      PROCEDURAL HISTORY

Plaintiff filed her initial Complaint in this action on March 2, 2009, asserting claims against Defendants Manolis, Van Tassel, Domestic Relations, Troggio, McBride, Bartberger, Duzak, First Choice Federal Credit Union, First Commonwealth Bank and Judge Hodge.  (Docket No. 1). Defendants Domestic Relations, Judge Hodge, Manolis,  Van Tassel and First Commonwealth Bank responded by filing Motions to Dismiss Plaintiff's Complaint.  (Docket Nos. 9, 11, 14, 27). Defendants First Choice Federal Credit Union, Troggio, McBride, Bartberger, and Duzak responded by filing an Answer to the Complaint.  (Docket Nos. 29, 30).   Thereafter, Plaintiff filed her responses to Defendants' motions to dismiss.  (Docket Nos. 33, 34, 40, 41).

Plaintiff then filed a Motion for a Temporary Restraining Order on April 30, 2009.  (Docket No. 22).   Defendants filed timely responses to same.  (Docket Nos. 25, 35, 37, 38).  This Court entered an Order on May 11, 2009, granting Plaintiff leave to file an amended complaint and as a result, denied Defendants' motions to dismiss and Plaintiff's motion for a temporary restraining order. (Docket No. 43).

A status conference was held on May 15, 2009, during which the Court discussed with counsel potential mediation of this dispute as well as a proposed stipulation of dismissal of Plaintiff's claims against Defendants First Commonwealth Bank and First Choice Credit Union.  (Docket No. 44).  The stipulation of dismissal between Plaintiff and those Defendants was filed on May 18, 2009 (Docket No. 45) and confirmed by the Court on that date (Docket No. 46).  As a result, Plaintiff's claims against Defendants   First Commonwealth Bank and First Choice Credit Union were dismissed from this action, with prejudice.  (Docket No. 46).

Plaintiff then filed her Amended Complaint on May 21, 2009 asserting claims against Defendants Manolis, Van Tassel, Domestic Relations, Troggio, McBride, Bartberger, Duzak, and

Judge Hodge.[13]  (Docket No. 47).   Thereafter, Plaintiff filed a request for entry of default judgment (Docket No. 48) and a motion for default judgment (Docket No. 49) against Defendants Manolis, Van Tassel, Domestic Relations, and Judge Hodge on June 6, 2009.  Both were denied by the Court as premature under Rule 6(d) of the Federal Rules of Civil Procedure in an order entered on June 8, 2009.  Defendants Troggio, McBride, Bartberger, and Duzak filed their Answer to Plaintiff's Amended Complaint on June 8, 2009.  (Docket No. 50).

Defendants Manolis, Van Tassel, Domestic Relations and Judge Hodge filed Motions to Dismiss Plaintiff's Amended Complaint on June 10, 2009.  (Docket Nos. 51, 53, 55).  Plaintiff filed her responses and briefs in support to said motions on June 28, 2009.  (Docket Nos. 57, 58, 59, 60). Subsequently, Defendants Domestic Relations and Judge Hodge filed a Reply brief on July 8, 2009. (Docket No. 61).  After receiving leave of Court, Plaintiff filed her Sur-Reply brief on July 9, 2009. (Docket No. 63).  As the briefing has concluded, Defendants' motions are ripe for disposition.[14]

---

[13]

The Court notes that while Plaintiff amended the caption to her Amended Complaint  to remove Defendants First Commonwealth Bank and First Choice Credit Union, she did not amend the headings for Counts One, Two, and Three to remove those Defendants.  (See Docket No. 47 at 25, 33, 35).

[14]

In the interim, Plaintiff filed a motion for a preliminary injunction/temporary restraining order seeking to enjoin a contempt proceeding in the Lawrence County Court of Common Pleas which was scheduled to occur on August 20, 2009.  (Docket No. 64).  After receiving responses from Defendants Lawrence County Domestic Relations, Judge Hodge, Van Tassel and Manolis, and hearing oral argument (Docket Nos. 66, 67, 68, 69), the Court issued a Memorandum Opinion and Order on August 19, 2009 denying Plaintiff's motion.  (Docket Nos. 70, 71); *Van Tassel v. Lawrence County Domestic Relations Section, et al*, Civ. A. No. 09-266, 2009 WL 2588815 (W.D.Pa. Aug. 19, 2009).  This Court held that to the extent that subject matter jurisdiction over Plaintiff's motion for a temporary restraining order was proper, it would abstain from exercising said jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971) and would not enjoin the contempt proceeding in the state court as requested by Plaintiff.  *Id.*  Judge Piocionne's staff has advised this Court that no order has been issued in the state court matter at this time.

20

IV.     LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject-matter jurisdiction over the plaintiff s claims. Fed. R. Civ. P. 12(b)(1). "At issue in a Rule 12(b)(1) motion is the court's 'very power to hear the case.'" *Judkins v. HT Window Fashions Corp.*, 514 F.Supp.2d 753, 759 (W.D.Pa.2007)(quoting *Mortenson v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (3d Cir.1977)). As the party asserting jurisdiction, the plaintiff bears the burden of showing that his or her claims are properly before the court. *Development Finance Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir.1995). In reviewing a Rule 12(b)(1) motion, a court must determine whether the attack on its jurisdiction is a facial attack or a factual attack. A facial attack challenges the sufficiency of the plaintiff's pleadings. *Petruska v. Gannon University*, 462 F.3d 294, 302, n. 3 (3d Cir.2006). When considering a facial attack, a court must accept the allegations contained in the plaintiff's complaint as true. *Id*. A factual attack on the court's jurisdiction must be treated differently. *Id*. When considering a factual attack, the court does not attach a presumption of truthfulness to the plaintiff's allegations, and the existence of disputed material facts does not preclude the court from deciding for itself the jurisdictional issues raised in the motion to dismiss. *Mortensen*, 549 F.2d at 891.

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2008)).

The Supreme Court in *Iqbal* clarified that the decision in *Twombly* "expounded the pleading

21

standard for 'all civil actions.'" *Iqbal*, 129 S.Ct. at 1953. The court further explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, the pleadings must include factual allegations to support the legal claims asserted. *Id*. at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 555). The determination of whether a complaint contains a plausible claim for relief  "is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950 (citing *Twombly*, 550 U.S. at 556).  In light of *Iqbal*, the United States Court of Appeals for the Third Circuit has instructed that district courts should first separate the factual and legal elements of a claim and then, accepting the "well-pleaded facts as true," "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, --- F.3d ---, 2009 WL 2501662, at *5 (Aug. 18, 2009).  Ultimately, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

V.   DISCUSSION

Plaintiff has brought claims against Defendants pursuant to § 1983 alleging that they violated her constitutional rights under the First, Fifth, and Fourteenth Amendments.  (Docket No. 47). Defendants raise several challenges to the claims in Plaintiff's Amended Complaint.  First, they contend that this Court lacks subject matter jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine and/or the domestic relations exception to federal jurisdiction.  Second, they argue that even if this Court has subject matter jurisdiction over some or all of Plaintiff's claims, that they

are immune from suit or Plaintiff has failed to state a claim upon which relief can be granted under Rule 12(b)(6). Specifically, Domestic Relations and Judge Hodge maintain that each are entitled to Eleventh Amendment immunity and are not "persons" subject to suit under § 1983. (Docket No. 56). Judge Hodge also contends that he is entitled to judicial immunity from Plaintiff's claims seeking monetary relief and that the Federal Courts Improvement Act prevents suits against him seeking injunctive relief. (*Id.*). Defendants Van Tassel and Manolis argue that Plaintiff's claims against them should be dismissed as they are not state actors and, thus, cannot be subject to liability under § 1983. (Docket Nos. 52, 54). The Court will address the parties' respective arguments, in turn.

A.    *Subject Matter Jurisdiction*

1.    The *Rooker-Feldman* Doctrine

Defendants first argue that this Court lacks subject matter jurisdiction to hear Plaintiff's claims under the *Rooker-Feldman* doctrine. That doctrine is based on the construction of the federal jurisdictional statutes enacted by Congress. As a "district court" within the meaning of 28 U.S.C. §§ 1331 and 1343, this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," as well as "original jurisdiction of any civil action authorized by law to be commenced by any person ... [t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, or any right, privilege or immunity secured by the Constitution of the United States ...." 28 U.S.C. §§ 1331 & 1343(a)(3). Congress has not authorized this Court to exercise "appellate jurisdiction" in cases of this kind.

The Supreme Court has appellate jurisdiction to review decisions rendered by state courts pursuant to 28 U.S.C. § 1257, which provides:

§ 1257. State courts; certiorari

(a) Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

(b) For the purposes of this section, the term "highest court of a State" includes the District of Columbia Court of Appeals.

28 U.S.C. § 1257. In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923), the Supreme Court construed a statutory predecessor to § 1257 to vest exclusive federal appellate jurisdiction in the Supreme Court to review decisions issued by state courts. Speaking through Justice Van DeVanter, the Supreme Court explained that because the jurisdiction possessed by the district courts was "strictly original," a district court could not exercise *de facto* appellate jurisdiction by entertaining a supposedly "original" action seeking only to reverse a decision rendered by a state tribunal. *Rooker*, 263 U.S. at 416. The Supreme Court reaffirmed this principle in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), holding that United States district courts do not have jurisdiction over "challenges to state-court decisions in particular cases arising out of judicial proceedings."[15]

---

[15]

The *Rooker-Feldman* doctrine is based solely on the interpretation of federal jurisdictional statutes. It is not based on the Constitution. Congress has the constitutional authority to vest inferior federal courts with jurisdiction to review certain state-court decisions, provided that it does not purport to give federal courts jurisdiction that could not be exercised under Article III. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 292, n. 8, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) ("Congress, if so minded, may explicitly empower district courts to oversee certain state-court judgments and has done so, most notably, in authorizing federal habeas review of state prisoners' petitions.").

In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), the Supreme Court defined the parameters of the *Rooker-Feldman* doctrine more clearly. Speaking through Justice Ginsburg, the Supreme Court declared:

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.

*Exxon Mobil*, 544 U.S. at 284. In the aftermath of *Exxon Mobil*, it is clear that properly invoked federal adjudicatory jurisdiction does not vanish when a state court renders a judgment involving the same or related questions involved in a concurrent action in a federal court. *Id*. at 292. The effect of such a state-court judgment in parallel federal-court proceedings is governed by federal preclusion law, as codified at 28 U.S.C. § 1738, rather than by the *Rooker-Feldman* doctrine. *Id*. at 293; *Turner v. Crawford Square Apartments III, L.P.,* 449 F.3d 542, 547 (3d Cir.2006). Consequently, the *Rooker-Feldman* doctrine has both procedural and substantive requirements.

Regarding the procedural requirements, the *Rooker-Feldman* doctrine can be invoked as a jurisdictional bar only where a federal-court action has been commenced after the rendering of a judgment by a state court. *Green v. City of New York*, 438 F.Supp.2d 111, 119-21 (E.D.N.Y.2006). There are several independent judgments and rulings of the Lawrence County Court of Common Pleas at issue in this matter.  Specifically, Plaintiff alleges constitutional defects in the following orders: (1) a January 8, 2008 Order by Judge Hodge striking a judgment entered by Plaintiff against

25

Defendant Van Tassel and cancelling a sheriff's sale; (2) an order denying Plaintiff's motion for reconsideration of the January 8, 2008 Order; (3) a March 3, 2008 Order issued by Defendant Duzak of Domestic Relations calculating the amount of support owed by Defendant Van Tassel; (4) a March 28, 2008 Order by Judge Hodge striking a second judgment entered by Plaintiff against Defendant Van Tassel; (5) a June 23, 2008 Order by Judge Hodge finding that Plaintiff's entry of the two judgments was improper and awarding $2,385.00 in attorneys' fees pursuant to a Pennsylvania statute against Plaintiff and in favor of Defendant due to Plaintiff's "obdurate" or "vexatious" conduct during the state court proceedings; and, (6) a June 30, 2008 Order by Judge Hodge, denying Plaintiff's motion for reconsideration regarding the June 23, 2008 Order.  (*See generally* Docket No. 47).  While Plaintiff challenges several independent rulings or orders, she focuses on alleged defects in the June 23, 2008 Order issued by Judge Hodge, in which he ruled on multiple matters including those detailed at (1)-(4) above (the "earlier orders").  The earlier orders were also never independently appealed in the state system.  As a result, the Court will focus its analysis on Plaintiff's allegations regarding the June 23, 2008 Order.

Plaintiff appealed the June 23, 2008 Order to the Superior Court of Pennsylvania, which quashed the appeal on September 10, 2008.  (*Id*. at ¶ 36).  Plaintiff then filed an application for reconsideration of the Superior Court's Order quashing the appeal, which was denied on October 3, 2008.  (*Id*. at ¶ 39).  Plaintiff next sought a petition for allowance of appeal to the Pennsylvania Supreme Court on November 3, 2008.  (*Id*. at ¶ 40). The petition was also denied on February 2, 2009, thereby making the June 23, 2008 Order a final judgment of the state court.  (*Id*.); *see* 28 U.S.C. § 1257.  The present action was filed by Plaintiff on March 2, 2009.  (Docket No. 1). Accordingly, as the present action was filed after the conclusion of the state court proceedings, the

procedural requirements of the *Rooker-Feldman* doctrine have been met.  *See Green*, 438 F.Supp.2d at 119-21.

With respect to the substantive requirements, the *Rooker-Feldman* doctrine operates as a jurisdictional bar to Plaintiff's claims if the injuries of which she complains were caused by a state court judgment or ruling which was entered against her.  *Exxon Mobil*, 544 U.S. at 284.  The Court now turns to its analysis of those claims.

Plaintiff argues that the *Rooker-Feldman* doctrine does not bar her constitutional claims because those claims were neither raised nor fully and fairly litigated in the state tribunal.  (Docket Nos. 58 at 2; 60 at 8).  However, "a federal plaintiff cannot escape the *Rooker-Feldman* bar simply by relying on a legal theory not raised in state court."  *Hoblock*, 422 F.3d at 87.  As an illustration of this point, the United States Court of Appeals for the Second Circuit offered the following hypothetical.

> Suppose a state court, based purely on state law, terminates a father's parental rights and orders the state to take custody of his son. If the father sues in federal court for the return of his son on grounds that the state judgment violates his federal substantive due-process rights as a parent, he is complaining of an injury caused by the state judgment and seeking its reversal. This he may not do, regardless of whether he raised any constitutional claims in state court, because only the Supreme Court may hear appeals from state-court judgments.

*Hoblock*, 422 F.3d at 87.  Therefore, the precise federal cause of action at issue does not control. Rather, the Court must analyze whether the injury asserted in the federal claim was *caused* by the state judgment.  *Exxon Mobil*, 544 U.S. at 291-292.

Plaintiff also asserts that the *Rooker-Feldman* doctrine is inapplicable because Defendants in this action were not a party to the state proceedings.   This contention is also in error.

> [A] federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it. Where a state-court judgment causes the challenged third-party action, any challenge to that third-party action is necessarily the kind of challenge to the state judgment that only the Supreme Court can hear.

*Hoblock*, 422 F.3d at 88. Accordingly, as the focus of the analysis is more properly on the claimed injury rather than any relationship between the parties, *Rooker-Feldman* may be applicable. As this Court has recently noted, "[t]he mere fact that some of the relief sought by a litigant is precluded by the *Rooker-Feldman* doctrine does not necessarily mean that a district court lacks jurisdiction over his or her entire case." *Steinberg v. Supreme Court of Pennsylvania*, Civ. A. No. 09-86, 2009 WL 1684663, at *12 (W.D.Pa. June 10, 2009)(citing *Marran v. Marran*, 376 F.3d 143, 153 (3d Cir.2004)). As a result, this Court must analyze the relief requested in each of Plaintiff's claims to determine if those claims are barred by the *Rooker-Feldman* doctrine.

To the extent that any of Plaintiff's claims seek relief from injuries caused by the June 23, 2008 Order (or any of the earlier orders) including her rights to procedural and substantive due process, equal protection under the laws and the right to freely access to the courts, and any related retaliation claims, said claims are clearly barred by the *Rooker-Feldman* doctrine. *See Exxon Mobil*, 544 U.S. at 291-292. The Court sets out its rationale below.

With respect to Plaintiff's allegations in Count One, she avers that she has a protected property interest in the amount of overdue support owed to her by her ex-husband which she sought to collect in the state court proceeding and in the penalty of $2,385 which was imposed on her by Judge Hodge as a sanction for her conduct in the state court litigation. (Docket No. 47 at ¶ 48). She then claims that her constitutional rights to due process of law under the Fifth and Fourteenth

28

Amendments were violated by the conduct of Defendants. (*Id*). Similarly, Plaintiff alleges at Count Three that she "has a property interest by virtue of her right to collect overdue support, and should not be coerced by government agencies or the court or individuals in waiving that interest and being further deprived of additional property." (*Id*. at ¶ 76). She maintains that the conduct of Defendants as alleged in this count violated her rights to substantive due process under the Fourteenth Amendment. (*Id*. at ¶ 77).

The property interests claimed in Counts One and Three were the subject of the June 23, 2008 Order, in which Plaintiff was denied judgments in her attempt to collect overdue support from her ex-husband, and sanctions were imposed on her as a result of her conduct in those proceedings. Among the relief Plaintiff requests at both Counts One and Three are compensatory damages as well as declaratory and injunctive relief from the June 23, 2008 Order. Plaintiff, therefore, seeks to be compensated for her losses as a result of the June 23, 2008 Order by virtue of the unpaid overdue support, any interest on same and the amount of the sanction imposed as well as requesting some type of declaratory or injunctive relief which would, in effect, vacate the June 23, 2008 Order. As a consequence, the harm claimed by Plaintiff in these counts is clearly caused by the state court order and, thus, these counts are barred by the *Rooker-Feldman* doctrine. *See Exxon Mobil*, 544 U.S. at 291-292.

Regarding Plaintiff's allegations at Count Two, she claims a liberty interest in her right to access the courts, specifically, her right to access the Pennsylvania appellate courts. (Docket No. 47 at ¶¶ 69, 70, 71). She alleges that the June 23, 2008 Order violates her rights to equal protection under the laws, procedural due process and her right to freely access the courts because the order was issued out-of-time and incorrectly included three case numbers and, thereby, prevented her from

appealing the order to the Superior Court.  She again requests a form of injunctive or declaratory relief from the June 23, 2008 Order.  The harm alleged in this count, that she could not present her appeal due to the alleged infirmities of the June 23, 2008 Order, is also directly caused by the state court order and barred by the *Rooker-Feldman* doctrine.  *See Exxon Mobil*, 544 U.S. at 284.

However, Plaintiff's claim of retaliatory prosecution at Count Four is not entirely barred by the *Rooker-Feldman* doctrine as some of her alleged injuries were not caused by any orders of the state court.  (Docket No. 47 at ¶¶ 80-88).  That claim alleges, in part, that Defendant Van Tassel, with the assistance of attorney Manolis filed false criminal charges and a petition for a protection from abuse order against Plaintiff in retaliation for her attempting to collect overdue support.  (*Id*). In contrast, Plaintiff's claims against Judge Hodge alleging retaliation as a result of his issuance of the June 23, 2008 Order, for failing to follow "the law of the case doctrine" in a different matter, and for retaliation by Defendants Manolis and Van Tassel in filing a petition to modify custody and seeking to have Plaintiff pay a portion of the costs of court-ordered custody psychological evaluations, are barred by the *Rooker-Feldman* doctrine, as discussed above.

The harms alleged in Counts One, Two and Three, as well as a portion of Count Four, are clearly the result of, or caused by, the challenged state court orders, and any order issued by this Court regarding Plaintiff's claims would directly interfere with the operation of these state court orders.  Therefore, this Court does not have jurisdiction over these claims under the *Rooker-Feldman* doctrine.[16]  *See Shahin v. Darling* , 606 F.Supp.2d 525, 544 (D.Del. 2009)("Because a ruling that plaintiff's constitutional rights were violated based on rulings by the judiciary ... would require this

---

[16]

Given the Court's finding that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, it need not reach Defendants' alternative argument that the claims are barred by the doctrine of *res judicata*.

court to find that the state court judgments were erroneous, the *Rooker-Feldman* doctrine bars plaintiffs claims...").  In this regard, Plaintiff is merely a "state-court loser[ ] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobile*, 544 U.S. at 284. This is further exemplified by Plaintiff's repeated assertions during oral argument and a telephone status conference, analogizing her current case to a medical situation and explaining that she sought a "second opinion" regarding the state court proceedings in this Court.  (*See* Docket Nos. 65, 69). This is not an appellate court and Plaintiff is not entitled to a "second opinion" from this Court because the *Rooker-Feldman* doctrine bars her claims.

The Court also recognizes that Defendants Troggio, McBride, Bartberger, and Duzak filed an Answer to Plaintiff's Amended Complaint on June 8, 2009 and have not otherwise sought to join Defendants' motions to dismiss.  (Docket No. 50).  However, issues of subject matter jurisdiction may be raised by the Court *sua sponte*.  *See Morel v. I.N.S.* 144 F.3d 248, 251 n.3 (3d Cir. 1998)("a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion.")(quotations omitted).  The above analysis regarding the *Rooker-Feldman* doctrine is equally applicable to Plaintiff's claims against the answering Defendants.[17]  Accordingly, the Court will *sua sponte* dismiss Counts One, Two and Three of Plaintiff's Amended Complaint for lack of

---

[17]

The Court notes that Plaintiff's claims against these Defendants are set forth in her Amended Complaint at Counts One, Two and Three, wherein she alleges similar claims against Defendants Judge Hodge, Domestic Relations, Manolis and Van Tassel for alleged violations of her rights of substantive and procedural due process, equal protection under the laws as well as her right to freely access the courts.  (*See* Docket No. 47 at ¶¶ 45-79).  In those counts, she seeks the same relief from all Defendants including compensatory and punitive damages as well as injunctive and declaratory relief from the June 23, 2008 Order.  (*Id.*).  Accordingly, the Court's analysis of Plaintiffs' claims against Defendants Judge Hodge, Domestic Relations, Manolis and Van Tassel is equally applicable to the answering Defendants.

subject matter jurisdiction as to those Defendants.

2.    Domestic Relations Exception to Federal Jurisdiction

Defendants also contend that Plaintiff's Amended Complaint should be dismissed for lack of jurisdiction under the domestic relations exception to federal jurisdiction. The domestic relations exception is "narrow" as it "'encompasses only cases involving the issuance of a divorce, alimony, or child custody decree.'" *Matusow v. Trans-County Title Agency, LLC*, 545 F.3d 241, 242 (3d Cir. 2008)(citing *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992)). While this action is related to Plaintiff's attempted collection of child support from Defendant Van Tassel, Plaintiff's Amended Complaint does not request that this Court issue a child custody decree but alleges constitutional infirmities with the state court proceedings and the application of state law. Therefore, the domestic relations exception is inapplicable to the instant matter and Defendants' motion to dismiss relying on the domestic relations exception is denied.

B.    *Defendants' Immunities and Other Defenses*

As noted above, in addition to their jurisdictional challenges, Defendants have raised several immunities or defenses to Plaintiff's claims in her Amended Complaint. The Court is mindful that as Plaintiff is *pro se*, her allegations are to be liberally construed, and leave to amend civil rights complaints is generally freely granted. *See Phillips v. County of Allegheny*, 515 F.3d 224, 245-46 (3d Cir. 2008). However, as this Court will discuss, the Defendants' immunities and defenses to suit each provide an independent basis for dismissal of Plaintiff's Amended Complaint.

1.    Eleventh Amendment Immunity and "Person" under 42 U.S.C. § 1983

Defendants Domestic Relations and Judge Hodge argue that Plaintiff's claims against them are barred by the Eleventh Amendment to the United States Constitution and that Domestic

32

Relations and Judge Hodge, in his official capacity, are not "persons" subject to suit under § 1983.[18]

The Eleventh Amendment provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const., Amend. XI.  "The Eleventh Amendment renders unconsenting States immune from suits brought in federal courts by private parties." *Haybarger v. Lawrence County Adult Probation and Parole*, 551 F.3d 193, 197 (3d Cir. 2008)(citations omitted).

Eleventh Amendment immunity is applicable unless abrogated by an Act of Congress or waived by the State.  *See Lombardo v. Penn. Dept. of Pub. Welfare*, 540 F.3d 190, 195-96 (3rd Cir. 2008).  Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983, which provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.  Given this statutory language, Congress did not unambiguously abrogate the States' Eleventh Amendment immunity when it enacted § 1983.  *See Quern v. Jordan*, 440 U.S. 332,

---

[18]     The scope of the Eleventh Amendment and the meaning of the word "person" in 42 U.S.C. § 1983 are separate issues. In the present context, however, these two issues are substantially interrelated. *Will v. Michigan Department of State Police*, 491 U.S. 58, 66-67 (1989). Therefore, the Court will address them together.

345 (1979). In addition, because § 1983 does not abrogate the States' Eleventh Amendment immunity, an unconsenting State is not considered to be a "person" within the meaning of § 1983. *Will v. Michigan Department of State Police,* 491 U.S. 58, 60-71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Further, the Commonwealth of Pennsylvania and its officials and employees maintain Eleventh Amendment immunity unless that immunity is specifically waived by the General Assembly. 1. Pa. C.S. § 2310. The Pennsylvania General Assembly has not specifically waived immunity for alleged violations of 42 U.S.C. § 1983. *See* 42 Pa.C.S. §§ 8521, 8522. Accordingly, an unconsenting State such as Pennsylvania is entitled to Eleventh Amendment immunity from § 1983 actions and is also not considered a "person" subject to suit under § 1983. *See Quern,* 440 U.S. at 345; *Will,* 491 U.S. at 60-71.

With respect to Domestic Relations' argument that it is entitled to Eleventh Amendment immunity, a suit is barred by the Eleventh Amendment, even when the state is not a named defendant, if the state is deemed to be the real party in interest. *See Benn v. First Judicial Dist. of Penn.*, 426 F.3d 233 (3rd Cir. 2005). A state is deemed to be the real party in interest when a lawsuit is brought against an agency that is considered to be an "arm" of the state. *See Regents of Univ. Of Cal. v. Doe*, 519 U.S. 425, 430 (1997); *Benn*, 426 F.3d at 241. The United States Court of Appeals for the Third Circuit has recognized that "[t]he Commonwealth vests judicial power in a unified judicial system, and all courts and agencies of the [unified judicial system] are part of the Commonwealth government rather than local entities." *Haybarger*, 551 F.3d at 198 (3d Cir. 2008)(citing *Benn*, 426 F.3d at 240-41 and PA. CONST. art. V, § 1). The Court of Appeals has also found that "Pennsylvania's judicial districts ... are entitled to Eleventh Amendment immunity." *Id*. Moreover, "all components of the judicial branch of the Pennsylvania government are state entities

34

and thus are not persons for section 1983 purposes." *Callahan v. City of Philadelphia*, 207 F.3d 668, 674 (3d Cir. 2000). Domestic Relations is a subunit of the Lawrence County Court of Common Pleas, and, as a result, is a part of the Commonwealth's unified judicial system. *See* 42 Pa.C.S.A. § 961 ("Each court of common pleas shall have a domestic relations section . . ."); *see also Chilcott v. Erie County Domestic Relations*, 283 Fed. Appx. 8, 10 (3d Cir. 2008)(not precedential)(finding that the Erie County Domestic Relations Section was entitled to immunity under the Eleventh Amendment from plaintiff's § 1983 action). Therefore, Domestic Relations is entitled to immunity from Plaintiffs § 1983 claims under the Eleventh Amendment and is also not a "person" within the meaning of § 1983.

Finally, as is discussed in further detail below, Plaintiff's argument that the doctrine of *Ex Parte Young* prevents Domestic Relations, which is a state entity and not a state official, from asserting Eleventh Amendment immunity in this action is without merit. Accordingly, all of Plaintiff's claims against Domestic Relations are dismissed, with prejudice.[19]

---

[19]

Plaintiff has not explicitly pled any state law claims in her Amended Complaint. (Docket No. 47). However, she does request damages for intentional infliction of emotional distress in Count One. To the extent that this allegation could be construed as a state law claim of intentional infliction of emotional distress, said claim against Domestic Relations is likely barred by 23 Pa.C.S. § 4352(d.1)(7). Subparagraph (7) provides that:

> The domestic relations section or employees thereof shall not be liable for errors in the certification of amounts of overdue support or satisfaction of liens for overdue support except as provided in 42 Pa.C.S. § 8550 (relating to willful misconduct).

23 Pa.C.S. § 4352(d.1)(7). Plaintiff's allegations against Domestic Relations all arise from alleged errors in the classification of support owed by Defendant Van Tassel as either arrears or past due support, as opposed to overdue support, which Plaintiff contends is the correct classification, its failure to notify credit bureaus and other financial institutions that the overdue support constituted a lien against Defendant Van Tassel's property, and Domestic Relations' failure to satisfy said liens. (Docket No. 47). Further, Plaintiff has not alleged any facts which would demonstrate that the

With respect to Judge Hodge's claim of Eleventh Amendment immunity, a suit against a State official in his or her official capacity is, in all respects other than name, a suit against the State. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). For this reason, a state official sued in his or her official capacity is not a "person" within the meaning of § 1983 when the relief sought by the plaintiff is monetary damages. *Will*, 491 U.S. at 60-71. However, pursuant to *Ex Parte Young*, 209 U.S. 28 (1908) and its progeny, when a plaintiff seeks only prospective relief, a state official is a "person" for purposes of § 1983, since official-capacity actions against state officials for prospective relief are not treated as actions against the State. *Will*, 491 at 71, n.10.  In addition, the Eleventh Amendment does not bar personal capacity suits against state officials for official actions and state officials are considered "persons" within the meaning of § 1983 in personal capacity suits.  *See Hafer v. Melo*, 502 U.S. 21, 22-31 (1991).  Therefore, Judge Hodge is entitled to Eleventh Amendment immunity and is also not a person for § 1983 purposes regarding Plaintiff's claims against him in his official capacity which seek monetary damages.   Accordingly, said claims are dismissed, with prejudice.

---

actions of Domestic Relations "constituted a crime, actual fraud, actual malice or wilful misconduct" as provided in 42 Pa.C.S. § 8550.  She alleges that Domestic Relations "screwed up," and made errors in calculating the overdue support owed by Defendant Van Tassel.  (Docket No. 47 at ¶ 26). At most, she alleges that Domestic Relations acted negligently.  Therefore, Plaintiff's state law claims against Domestic Relations would be barred under 23 Pa.C.S. § 4352(d.1)(7).  Likewise, the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541, *et seq.* ("PSTCA") would also be applicable to bar any state law claims against Domestic Relations.  *See John G. v. Northeastern Educational Intermediate Unit 19*, 490 F.Supp.2d 565 (M.D.Pa. 2007).

The Court notes that the state law immunities at 23 Pa.C.S. § 4352(d.1)(7) or under the PSTCA are not available as a defense to Plaintiff's § 1983 claims. *See Haywood v. Drown*, 129 S.Ct. 2108, 2115, n. 5 (2009)(quoting *Howlett v. Rose*, 496 U.S. 356, 375 (1990))(noting that a "State's decision to extend immunity 'over and above [that which is] already provided in § 1983 ... directly violates federal law,'" and ... that the 'elements of, and the defenses to, a federal cause of action are defined by federal law.'").

3.      *Judicial Immunity - Federal Courts Improvement Act of 1996*

Judge Hodge also argues that all of Plaintiff's claims against him are barred under the doctrine of judicial immunity and the Federal Courts Improvement Act of 1996.  Therefore, Judge Hodge impliedly contends that any claims which survive Eleventh Amendment and "persons" analysis under § 1983 above, *i.e.*, Plaintiff's claims against him in his personal capacity and claims for prospective relief against him in his official capacity, are necessarily barred.

"It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000)(quoting *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam), and citing *Randall v. Brigham*, 74 U.S. (7 Wall.) 523, 536, 19 L.Ed. 285 (1868)). "The doctrine of judicial immunity is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages." *Id*. (citations omitted). Therefore, "[a] judge is absolutely immune from liability for his [or her] judicial acts even if his [or her] exercise of authority is flawed by the commission of grave procedural errors," *Stump v. Sparkman*, 435 U.S. 349, 359 (1978), and "[j]udicial immunity cannot be overcome by allegations of bad faith or malice" *Goldhaber v. Higgins*, 576 F.Supp.2d 694, 703 (W.D.Pa.2007). Such immunity can be overcome only where a judge's acts are nonjudicial in nature, or where such actions, while judicial in nature, are "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12.

"Factors which determine whether an act is a 'judicial act' 'relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectation of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.'" *Figueroa*, 208 F.3d at 443 (quoting *Stump*, 435 U.S. at 362).  All of Plaintiff's claims against Judge Hodge involve actions undertaken

while he was presiding over the custody and support case between Plaintiff and Defendant Van Tassel and related matters in the Lawrence County Court of Common Pleas. (Docket No. 47 at ¶¶ 24, 25, 32, 34, 35, 41, 42.). In so doing, Defendant Hodge was acting in a function normally performed by judges and all of his actions are necessarily "judicial acts."

A judge is not entitled, however, to judicial immunity when he or she acts in the "clear absence of all jurisdiction." *See Mireles*, 502 U.S. at 11-12. This exception is limited.

> [I]n determining the scope of a judge's jurisdiction, that jurisdiction, "must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took is in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the "clear absence of all jurisdiction."

*Figueroa*, 208 F.3d at 443 (quoting *Stump*, 435 U.S. at 356-57). Generally, "where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Id*. (quotation omitted).

At the outset, the Court notes that Plaintiff's allegations that Judge Hodge acted "absent jurisdiction," "in the clear absence of jurisdiction," "outside the court's jurisdiction," or "out of time" by issuing certain rulings are improper legal conclusions which are not credited. (Docket No. 47 at ¶¶ 13, 24, 25, 32, 34, 35, 53); *see Day v. Federal Bureau of Prisons*, 233 Fed. Appx. at 133 n.3. To the extent that Plaintiff has set forth certain facts regarding Judge Hodge's jurisdiction over the state court matters, (*see* Docket No. 47 at ¶¶ 13, 24, 25, 32, 34, 35, 53), it is also clear that he was not acting in the clear absence of all jurisdiction when he rendered his rulings and entered the orders at issue in this case. Judge Hodge is a judge on the Lawrence County Court of Common Pleas, a court of general jurisdiction. *See* 42 Pa.C.S. § 931(a) ("the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings

38

heretofore cognizable by law or usage in the courts of common pleas.").  Yet Plaintiff contends that certain orders issued by Judge Hodge were entered in contravention of Pennsylvania Rules of Civil Procedure 1930.2[20] and 1910.24.[21]  (*See* Docket No. 47 at ¶¶ 23, 24, 31).  She therefore alleges that Judge Hodge committed procedural errors in hearing certain matters and issuing orders after a time period for doing so had allegedly expired.  (*Id.*).  In this Court's estimation, these allegations are not sufficient to overcome judicial immunity, which applies even if Judge Hodge "committ[ed] grave procedural errors" when he issued the orders.  *See Stump*, 435 U.S. at 359.  Accordingly, Judge

---

[20]

PA.R.Civ.P. 1930.2 provides, in relevant part, that:

> (a) There shall be no motions for post-trial relief in any domestic relations matter.

> (b) A party aggrieved by the decision of the court may file a motion for reconsideration in accordance with Rule of Appellate Procedure 1701(b)(3). If the court does not grant the motion for reconsideration within the time permitted, the time for filing a notice of appeal will run as if the motion for reconsideration had never been filed.

> Note: Rule of Appellate Procedure 903 states that, except as otherwise set forth by that rule, the Notice of Appeal shall be filed within thirty days after the entry of the order from which the appeal is taken.

[21]

PA.R.Civ.P. 1910.24 provides, in relevant part, that:

> (b) A petition to correct the judgment shall be limited to the following grounds: (1) no overdue support exists under the support order or (2) there is a mistake in the amount of overdue support. The petition initially shall be determined before a conference officer or hearing officer in the same manner as an original proceeding for support. Except as provided by order of court, the filing of a petition to correct a judgment shall not stay the proceedings.

> Note: It is important to note that the petition to strike or open a judgment used in civil practice is not adopted here.

Hodge is entitled to judicial immunity from Plaintiff's claims seeking monetary relief and said claims must be dismissed, with prejudice.

Plaintiff's claims for equitable relief against Judge Hodge are also barred by the Federal Courts Improvement Act (the "FCIA").  Section 309(c) of the FCIA amended § 1983 to provide that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  Pub.L. No. 104-317, § 309(c); 110 Stat. 3847, 3853 (1996); 42 U.S.C. § 1983.  Since the enactment of the FCIA, courts have held that an individual seeking injunctive relief against a judicial officer pertaining to a judicial act must allege that a declaratory decree was violated, or that declaratory relief was unavailable, in order to overcome the judicial immunity established by that statute. *See L.B. v. Town of Chester*, 232 F.Supp.2d 227, 238 (S.D.N.Y.2002); *Kampfer v. Scullin*, 989 F.Supp. 194, 201-202 (N.D.N.Y.1997); *see also Steinberg*, 2009 WL 1684663, at *22. Plaintiff's Amended Complaint does not allege that a declaratory decree was violated nor that declaratory relief is unavailable.  (Docket No. 47).  Instead, she explicitly requests a form of declaratory relief in her Amended Complaint.  (*Id*. at 32, 34, 36, 43).  Therefore, Plaintiff's claims against Judge Hodge in his judicial capacity wherein she seeks injunctive relief are barred by the FCIA and § 1983.  Accordingly, said claims are dismissed, with prejudice.

Based on the foregoing, Plaintiff's personal capacity claims against Judge Hodge seeking monetary relief are barred by judicial immunity and Plaintiff's claims against Judge Hodge seeking injunctive relief are not cognizable under the FCIA and § 1983.  Accordingly, all of Plaintiff's claims against Judge Hodge must be dismissed, with prejudice.

E.      *State Actors*

40

Defendants Manolis and Van Tassel do not assert the applicability of any immunity as a defense against Plaintiff's claims. Instead, they argue that Plaintiff has failed to properly allege that either are "state actors" subject to suit under § 1983 and they seek dismissal of Plaintiff's claims on this basis.

To establish a valid § 1983 claim, a plaintiff must demonstrate "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Robb v. City of Philadelphia*, 733 F.2d 286, 290-91 (3d Cir.1984) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). For § 1983 purposes, actions taken "under color of law" are the equivalent of "state action" under the Fourteenth Amendment. *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005). "Thus, to state a claim of liability under § 1983, [a plaintiff] must allege that she was deprived of a federal constitutional or statutory right by a state actor." *Leshko*, 423 F.3d at 339. "A person may be found to be a state actor when (1) he is a state official, (2) 'he has acted together with or has obtained significant aid from state officials,' or (3) his conduct is, by its nature, chargeable to the state." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999)(quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

In Count Four, Plaintiff alleges that Defendants Manolis and Van Tassel filed false private criminal complaints and a false protection from abuse order against her, in retaliation for her exercising her constitutional rights. As discussed above, these claims are not barred by the *Rooker-Feldman* doctrine. However, Plaintiff has not established that either is a state actor subject to liability under § 1983.

While Manolis is an attorney, he is not a state actor for § 1983 purposes when he acts solely

41

in that capacity.  *See Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999)(citing *Polk County v. Dobson*, 454 U.S. 312 (1981))("[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Throughout her Amended Complaint, Plaintiff alleges that Manolis engaged in nothing more than the traditional role of an attorney, representing his client, Defendant Van Tassel, in both the civil and criminal matters referenced therein.  (Docket No. 47 at ¶¶ 23-25, 28-31, 37-38, 42, 45-88). Therefore, Manolis, like Defendant Van Tassel, is considered a private individual for § 1983 purposes.

In addition, the alleged conduct of these Defendants, in filing false criminal complaints, a protection for abuse petition, and a petition to modify custody are not considered "conduct, by its nature, chargeable to the state."  *Angelico*, 184 F.3d at 277.  Courts have recognized that the filing of a private criminal complaint is not sufficient to establish that a private individual is a state actor for § 1983 purposes.  *See Erb v. Judge*, Civ. A. No. 94-2124, 1994 WL 523209, at *2 (E.D.Pa. Sept. 23, 1994), *aff'd* 60 F.3d 814 (3d Cir. 1995)(filing of private criminal complaint by a private individual was not state action for § 1983 purposes); *Weisman v. Sherry*, 514 F.Supp. 728 (M.D.Pa. 1981)(same); *Lucas v. Riggi*, Civ. A. No. 07-6201, 2008 WL 4758706 (W.D.N.Y. Oct. 29, 2008)(collecting cases)(same).  Based on this reasoning, the filing of a petition for a protection from abuse order and the petition to modify custody would also not render a private individual a state actor.  *See Karls v. Prudential Real Estate Affiliates, Inc.*, Civ. A. No. 07-325, 2008 WL 1953474, at *6 (D.Utah Jan. 10, 2008)(collecting cases)("The overwhelming weight of authority demonstrates that a private party's mere invocation of state procedures, such as the filing of an administrative complaint, does not, as a matter of law, make Defendants state actors or actors under color of state

law.").  Accordingly, Defendants Van Tassel and Manolis cannot be liable under § 1983 on this basis.

Plaintiff has also not sufficiently alleged a claim for conspiracy under § 1983. A private individual is considered to be acting "under color of law" for 1983 purposes if he or she engages in a conspiracy with state actors for the purpose of violating a plaintiff's protected civil rights.  *See Dennis v. Sparks*,  449 U.S. 24, 27-28 (1980)(citations omitted)("Private persons, jointly engaged with state officials in the challenged action, are acting see 'under color' of law for purposes of § 1983 actions.").  With respect to a motion to dismiss under Rule 12(b)(6), as is at issue here, "the rule is clear that allegations of conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: a combination, agreement, or understanding."  *Walsh v. Quinn*, Civ. A. No. 07-328, 2008 WL 3285877, at *4 (W.D. Pa. Aug. 8, 2008).

Plaintiff's surviving claims at Count Four must fail because she has not alleged that Defendants Manolis and Van Tassel conspired with any state actors in engaging in the alleged protected conduct.  She merely alleges that these Defendants conspired amongst themselves in filing the false criminal complaints, petition for a protective order and petition to modify custody against her.  As neither are state actors, Plaintiff cannot establish liability against them under § 1983 based on a theory of conspiracy.  *See Dennis*, 449 U.S. at 27-28.

With respect to Plaintiff's claims that this Court has determined are barred by the *Rooker-Feldman* doctrine, Plaintiff's repeated allegations that the Defendants "acted in concert" with each other are improper legal conclusions, which this Court does not credit when considering Defendants' motions to dismiss.  *See Day*, 233 Fed. Appx. at 133 n.3.  Upon a review of the Amended Complaint, there are no factual allegations of a "combination, agreement or understanding" between

43

the private defendants and state actors which support a conspiracy claim.  *Walsh*, 2008 WL 3285877, at *4.  Moreover, to the extent that Plaintiff's claims at Count Four could be construed as alleging that Manolis and Van Tassel conspired with Judge Hodge, her allegations are deficient because she alleges only that they participated in judicial proceedings before him and were successful on various matters.  (Docket No. 47 at ¶¶ 43, 63, 65, 81-86).  As the Supreme Court has recognized, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."  *Dennis*, 449 U.S. at 28.

Therefore, Plaintiff's Amended Complaint has failed to state a claim for conspiracy under § 1983 against Defendants Manolis and Van Tassel.  Accordingly, the claims against them at Count Four must be dismissed.

        C.     *Leave to Amend Complaint*

The United States Court of Appeals for the Third Circuit has held that "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile."  *Phillips*, 515 F.3d at 245.  Further, "even when [a] plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time."  *Id*.

In this instance, Plaintiff will not be granted leave to amend her complaint.[22]  Plaintiff's

---

[22]
        The Court notes that Plaintiff was previously granted leave to her amend her Complaint upon her request after the Defendants filed an initial round of motions to dismiss.  (Docket No. 43). Those motions set forth arguments similar to those asserted in the present motions including that this Court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine, Eleventh Amendment immunity barred Plaintiff's claims against Domestic Relations, judicial immunity and the FCIA barred her claims against Judge Hodge and that Defendants Manolis and Van Tassel were not "state actors" subject to suit under § 1983.  (Docket Nos. 9, 10, 12-15).  As discussed *supra*, Plaintiff's

claims at Counts One, Two, Three as well as part of Count Four against Defendants are barred by the *Rooker-Feldman* doctrine and will be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). The Court will also *sua sponte* dismiss these claims against Defendants Troggio, McBride, Bartberger, and Duzak.

Further, even if Plaintiff's claims in Counts One, Two, or Three were not barred by the *Rooker-Feldman* doctrine, they would be dismissed on other grounds as discussed above. Domestic Relations is entitled to immunity under the Eleventh Amendment and is not a "person" subject to suit under §1983. Judge Hodge is entitled to judicial immunity from § 1983 suits for money damages and Plaintiff's claims for injunctive relief against him are barred by the Federal Courts Improvement Act. In addition, Judge Hodge is entitled to Eleventh Amendment immunity and is also not considered a person for § 1983 purposes from Plaintiff's claims against him in his official capacity which seek monetary damages.

Finally, Plaintiff's claims against Defendants Manolis and Van Tassel must be dismissed as neither are "state actors" subject to suit under § 1983 and no amendment can cure this defect. *See Ojserkis v. Aprile,* 245 Fed.Appx. 217, 218 (3d Cir. 2007)(not precedential)(holding that no amendment could cure a defect that defendants were not state actors as required to bring a § 1983 claim).

VI.    CONCLUSION

Based on the foregoing, the motions to dismiss filed by Defendants Judge Hodge and Domestic Relations [55], attorney Manolis [51], and Van Tassel [53] are GRANTED. All of

---

Amended Complaint has not corrected the deficiencies in her initial Complaint. (Docket No. 47). Accordingly, it is apparent that permitting any further amendment would be "futile" given the Court's rulings set forth herein. *See Phillips*, 515 F.3d at 245.

Plaintiff's claims against these defendants shall be dismissed, with prejudice.  The Court will also *sua sponte* dismiss Plaintiff's claims against Defendants Troggio, McBride, Bartberger, and Duzak, with prejudice.  As all of Plaintiff's claims in this action have been dismissed, with prejudice, the Clerk of Court is directed to mark this case as CLOSED.


                                        *s/Nora Barry Fischer*
                                        Nora Barry Fischer
                                        United States District Judge

Dated:  September 22, 2009

cc/ecf:  All counsel of record.
         Lynn A. Van Tassel